UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 13-CR-20231
v.                              HONORABLE GEORGE CARAM STEEH

ARSHON JOHNSON,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION TO CORRECT
SENTENCE UNDER THE ALL WRITS ACT, 18 U.S.C. § 1651

Defendant Johnson pleaded guilty pursuant to a Rule 11 plea agreement to one count of engaging in the business of firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A). The court sentenced Johnson to a term of imprisonment of 41 months. As part of the sentence, the "court [made] the following recommendations to the Bureau of Prisons: that he be placed at F.C.I., Milan, Michigan and participate in the Comprehensive Drug Treatment Program and obtain his G.E.D. while confined." (Doc. 49 at 2, Judgment of Conviction). Unfortunately for Johnson, who is currently incarcerated at the Federal Medical Center in Lexington, Kentucky, he states that the Bureau of Prisons (the "BOP") does not accept inmates into the drug treatment program when their criminal history includes crimes involving firearms. The practical effect on Johnson: he is ineligible for a drug treatment program that would have reduced his period of incarceration by approximately 12 months upon successful completion. Johnson seeks release from prison "to permit him to enter a drug treatment program recommended by the probation

department."  (Doc. 53 at 3, Mot. To Correct Sentence).  His motion is based on the All Writs Act, 18 U.S.C. § 1651.

Section 1651(a) directs:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law.

As the Supreme Court has explained, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"  *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (bracket in original) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).  In essence, "[t]he All Writs Act provides the vehicle by which the federal courts may issue writs in exercise of their clearly delineated jurisdiction, but the Act does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject matter jurisdiction." *Daniels v. United States*, 25 F. App'x 355, 356 (6th Cir. 2002) (citation omitted).

Johnson is not entitled to the relief he requests.  A trial court's recommendations to the BOP are just that: recommendations.  Recommendations are not binding on the BOP.  Indeed, "[t]he BOP has 'sole discretion' to determine the facility and the treatment programs in which a federal prisoner should be placed."  *Gissendanner v. Menifee*, 975 F. Supp. 249, 250–51 (W.D. N.Y. 1997); *Klawonn v. United States*, 11 F. App'x 559, 561 (6th Cir. 2001) ("The Bureau of Prisons has broad discretion in administering a prisoner's sentence, *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996), and decisions to place a convicted defendant within a particular program or a particular facility are decisions within the sole

discretion of the Bureau of Prisons.") (citations omitted). Moreover, the Supreme Court has held that the BOP has discretion to promulgate regulations categorically denying early release to prisoners whose felonies involve the use of a firearm. *Lopez v. Davis*, 531 U.S. 230 (2001).

For these reasons, Johnson's motion to correct sentence under the All Writs Act is DENIED.

IT IS SO ORDERED.

Dated:  July 15, 2015

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 15, 2015, by electronic and/or ordinary mail and also on
Arshon Johnson #48447-039, Lexington FMC, Federal
Medical Center, P. O. Box 14500, Lexington, KY  40512.

                     s/Barbara Radke
                     Deputy Clerk