UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 13-CR-20231
v.                           HONORABLE GEORGE CARAM STEEH

D-1   ARSHON JOHNSON,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR REHEARING (DOC. #55)

On July 15, 2015, the court denied defendant Arshon Johnson's motion to correct his sentence under the All Writs Act, 18 U.S.C. § 1651. (Doc. #54). Johnson pleaded guilty pursuant to a Rule 11 plea agreement to one count of engaging in the business of firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A). The court sentenced Johnson to a term of imprisonment of 41 months. As part of the sentence, the "court [made] the following recommendations to the Bureau of Prisons: that he be placed at F.C.I., Milan, Michigan and participate in the Comprehensive Drug Treatment Program and obtain his G.E.D. while confined." (Doc. 49 at 2, Judgment of Conviction). Because Johnson's criminal history includes crimes involving firearms, he is ineligible for a reduction in his period of incarceration upon completion of the program.

The court, in denying Johnson's motion to correct sentence under the All Writs Act, explained that the court's recommendation that Johnson participate in a drug treatment program did not bind the Bureau of Prisons ("BOP"). Simply put, Johnson is not ineligible

to participate in the drug treatment program, he is ineligible to receive a reduction in his term of confinement for participating.

Now before the court is Johnson's motion for rehearing (Doc. #55). In substance, the motion seeks reconsideration of the court's prior order. The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

Johnson argues that the court did not rule on his request that his sentence be reduced from 41 months to 37 months because his plea agreement was capped at 37 months. Johnson misunderstands the Rule 11 plea agreement. The plea agreement anticipated the appropriate guideline range for Johnson was 30-37 months' imprisonment. However, the plea agreement also stated:

> **A. Imprisonment**
>
> Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the statutory maximum of 60 months' imprisonment.

(Doc. #34 at 4–5).

Johnson has not established a palpable defect with the court's order. The plea agreement did not cap his sentence at 37 months. The cap agreed upon is the high end

of the guideline range as calculated by the court if that range is greater by virtue of additional criminal history points not identified in the Rule 11 agreement.  Here, additional criminal history points were assessed because the offense was committed while Johnson was still on probation in the 20th District Court in Dearborn Heights.  (Doc. #47 at 2).  Johnson conceded that the advisory guideline range became 33-41 months when adding the additional criminal history points.  (*Id.* at 1).  He was sentenced to 41 months' imprisonment.  He is not entitled to any reduction in his sentence.

    IT IS SO ORDERED.

Dated:  September 1, 2015

                      s/George Caram Steeh
                      GEORGE CARAM STEEH
                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon Arshon Johnson
#48447-039, Federal Medical Center, Box 14500, Lexington,
KY 40512 and attorneys of record on
September 1, 2015, by electronic and/or ordinary mail.

                s/Marcia Beauchemin
                Deputy Clerk